# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-130V
Filed: June 6, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| JEAN MEIZEL, * | |
| * | |
| v. * | |
| Petitioner, * | Ruling on Entitlement; Concession; |
| * | Trivalent Influenza Vaccination; |
| * | Shoulder Injury Related to Vaccine |
| SECRETARY OF HEALTH * | Administration ("SIRVA"); |
| AND HUMAN SERVICES, * | Special Processing Unit ("SPU") |
| * | |
| Respondent. * | |
| * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Ronald Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.*
*Debra Begley, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On January 27, 2016, Jean Meizel ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving the trivalent influenza vaccine on August 25, 2014. Petition at 1. Petitioner further alleges that she received her vaccination in the United States, that she has suffered the residual effects of her injury for more than six months, and that no lawsuit has been filed or settlement accepted by herself or anyone else for her injuries. *Id.* at ¶¶ 18-20. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 6, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent indicates that she "has concluded that petitioner's alleged injury is consistent with SIRVA, and that it was caused in fact by the flu vaccine she received on August 25, 2014." *Id.* at 4. Respondent further indicates that "petitioner has met the statutory requirements for entitlement to compensation . . . [and] [t]herefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.* at 4-5 (citations omitted).

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master
